Judge Buckner
delivered the'opinion of the court.
This is an appeal from a judgment entered (after a moiion for a new trial was overruled) in favor of Goode, who was plaintiff in the circuit court, against Clarke in an action of detinue, for a female slave named Eliza.
Amongst various points submitted to the court during the progress of the cause, and in relation to which the decisions of that court are complained of as erroneous; we shall notice two only, the first respecting the right of peremptory challenge to a juryman; and the second to the admission of certain depositions read as evidence by Goode.
John McKinney having been presented as a juror, was accepted by the appellee, and turned over to the appellant, who was represented in the cause by two counsel, one of whom said he also accepted the juror, but the other counsel objecting to him and observing that he had been inadvertently accepted, they both challenged him peremptorily, before he was sworn to try the issue, two jurors only having been previously callengedin that way, on the part of the appellant. The court, however, refused to permit the challenge, and he was sworn and served on the jury, to which the appellant excepted.
The depositions read by the appellee and objected to by the appellant, were taken in the county of Tipton and state of Tennessee, on the 2d of October, 1830. The notice to the appellant was, that they would be taken on the 1st of October 1880, but in the preamble of the depositions it is stated that they were taken on the 2d, by the consent* of the agent and attorney in fact of Jonathan Clarke (the appellant.)
Whether a party litigant has a right, in all cases, , .. u c • ■ * i 7 at any time before a juror is sworn, whom he had accepted, to challenge him peremptorily, is a matter not necessarily presented in the decision of this case, because even admitting that be has no such right, under particular circumstances which may be supposed; we are of opinion that the appellant ought not *638 to have been deprived of his right to the challenge,, under the circumstances of this case. There is nothing in the record to induce a belief that in making the challenge the counsel were disposed to trifle with the oourt, or to seek any undue advantage of the opposite party. One only of the lawyers of the appellant had agreed to accept, and each declaring that the acceptance was inconsiderately made, joined in' the challenge. Under such circumstances, to bind a party by the hasty declaration of acceptance by one-of the counsel without consultation, as it would seem, from the record, with his co-adjutor or client, would be adopting a rule by far too rigid, even viewing it as a matter within the discretion of (he court. It is-not only important that justice should be impartially administered, but whereif. can be effected without the violation of any rule of propriety, that it should flow-through channels as clear from suspicion as possible.. The court, therefore, erred on this point.
The notice is to take depositions on first of October, the depositions are actually' taken oil second of October, but in preambleof the depositions it is stated that they were taken on the second by consent of the agent and attorney in fact of the party-notified, decided, that inasmuch as magistrate, before whom depositions were taken, had no power to certify as to any consent of the parties or as to any agency, therefore there was no proof that the depositions had been taken on the second by con sent of an au-thorised agent and conse-quentlyshould not be read.
Morehead, for appellant; Denny, for appellee.
We are of opinion that the court erred also, in overruling the appellant’s objections to the depositions alluded to, taken without notice. The statement in the preamble of them, as to the consent of the agent, cannot be regarded as sufficient to dispense with the necessity of notice. It was proved that the appellant had appointed a man by the name ofTegarden, his agent, to attend in pursuance of the notice on the 1st of October, to cross examine the witnesses; but it was not proved, nor does it appear from the depositions nor any part of the record, who. it was that consented, as agent, to take them on the 2d of October. It is very probable that consent was given by the agent named; but that should not be assumed as a fact without proof. The magistrates before whom they were taken, had no right to certify as to any consent of the parties. It did not come within the range of their official duties; Gillespie vs. Gillespie’s heirs, II. Bibb 90. If their certificate as to consent cannot be regarded, surely their certificate in relation to the alleged agency is not entitled to more consequence; see the case of Taylor vs. Waiting &c. IV. Monroe 366-7.
The judgment must be reversed with costs, and the cause rerhanded to the circuit court for further proceedings to be had, not inconsistent with this opinion.